Daniel, Judge.
The plaintiff brought this warrant against the defendant, “ to answer in a plea of debt of twelve 50-100 dollars and interest, due by note.” The defendant pleaded “ non est factumOn the trial of the issue, it was proved that the defendant executed .to the plaintiff a bond for $7 50-100, which bond it was alledged had been altered by *61 a stranger from $7 50-100, to the sum of #12 50-100. The plaintiff’s counsel requested .the Court to instruct the jury, that if they were satisfied that the fact was so, to find a ver-diet for #7 50-100 and interest. The Court refused so to-charge; but told the jury, that an alteration of a deed or bond by a stranger in a material part, destroyed the whole validity of the instrument, and that tire jury were not at liberty to render a verdict for the true amount, however clearly it might be shown.
June, 1838.
The defendant’s plea denied, that he executed the bond of #12 50-100 as described in the warrant. The plaintiff replied that he did, and upon this issue the parties went to trial. The plaintiff, having warranted upon a boud for $12 50-100, can not sustain the affirmative side of the issue by shewing that the defendant had executed to him a bond for #7 50-100, even if the latter bond had never been altered. His •probata did not correspond with his allegata. The evidence in fact was inadmissible to support the plaintiff’s side of the issue. But if the plaintiff had warranted upon a bond for #7 50-100 alledged to have been destroyed by accident, as an excuse for not making proferí, his evidence then would have been proper. Powers v. Wave, 2 Pick. Rep. 458. The alteration of a deed or bond in a material part by a stranger does not destroy any vested rights; it only changes the mode of proof of the contents of the bond.— Chitty’s Gen. Pract., 304—Byles on bills, 173. But the plaintiff did not so warrant, and he is not in this warrant and pleadings, entitled to recover the sum of 7 50-100, proved to be due on a bond executed for a different sum than that bond described in the warrant.-
Per Curiam. • Judgment affirmed.